UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20227-CR-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

TAMIEN DERRICK BAIN,

    *Pro se* Defendant.

_____/

**REPORT AND RECOMMENDATION RE:
MOTION TO DEMAND SPEEDY TRIAL/TRIAL BY JURY**

THIS CAUSE came before the Court upon *Pro se* Defendant Tamien Derrick Bain's ("Defendant" or "Bain") Motion to Demand Speedy Trial/Trial by Jury (hereafter, "Motion for Speedy Trial") [D.E. 190] (dated August 26, 2020, filed September 1, 2020). Therein, Defendant seeks as relief "a speedy trial by a jury of his peers within (72) days of this motion or schedule a Pretrial Detention Hearing via video conference for home detention while awaiting trial." See Motion for Speedy Trial [D.E. 190 at 4]. Defendant seeks this relief pursuant to the Sixth and Eighth Amendments of the United States Constitution. Id. at 1.

This matter was referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 196]. For the reasons stated below, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion for Speedy Trial be DENIED.

**PROCEDURAL BACKGROUND**

The grand jury returned an Indictment against Bain on April 23, 2019 [D.E. 1], which was superseded on June 11, 2019 [D.E. 6], and on October 29, 2019 [D.E. 30].

On January 27, 2020, a change of plea hearing scheduled before the undersigned did not

go forward, and Bain stated that he wished to represent himself [D.E. 46]. On February 11, 2020, the undersigned conducted a *Faretta* hearing, at the conclusion of which the undersigned allowed Bain to represent himself and appointed Attorney Michael Tarre as CJA stand-by counsel [D.E. 54].

In his *Pro se* Motion for Speedy Trial, Defendant contends that, in light of the current COVID-19 Pandemic, his pretrial incarceration is "unconstitutionally punitive[.]" See Motion for Speedy Trial [D.E. 190 at 3]. Defendant further argues that the Administrative Orders continuing jury trials in this District due to the COVID-19 Pandemic are "arbitrary, purposeless and excessive in relation to their purposes[.]" Id. at 4.

## APPLICABLE LAW

### A. Sixth Amendment Claim.

The Sixth Amendment guarantees the right to a speedy trial. U.S. Const. amend. VI. "The Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the date of trial." United States v. Gonzalez, 671 F.2d 441, 444 (11th Cir. 1982) (quoting United States v. Walters, 591 F.2d 1195, 1200 (5th Cir. 1979)). The United States Supreme Court has prescribed a balancing test for purposes of analyzing speedy trial claims, which consists of four factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker v. Wingo, 407 U.S. 514, 530 (1972). These four factors are related and "must be considered together with such other circumstances as may be relevant." Id. at 533.

To trigger the Barker analysis, a defendant must allege that the period of time between indictment and trial "has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." Doggett v. United States, 505 U.S. 647, 651-52 (1992) (citing Barker, 407 U.S. at 530-

31). "Delays exceeding one year are generally found to be 'presumptively prejudicial.'" United States v. Ingram, 446 F.3d 1332, 1336 (11th Cir. 2006) (citing Doggett, 505 U.S. at 652 n.1). Nevertheless, in assessing actual prejudice, the most important consideration is "the possibility that the defense will be impaired . . . because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." United States v. Villareal, 613 F.3d 1344, 1355 (11th Cir. 2010) (quoting Barker, 407 U.S. at 532).

### B. *Eighth Amendment Claim.*

The Eighth Amendment "prohibits the infliction of cruel and unusual punishment." Hamm v. DeKalb Cty., 774 F.2d 1567, 1571 (11th Cir. 1985). The Eighth Amendment is violated when there is a failure "to provide prisoners with reasonably adequate food, clothing, shelter, and sanitation." Id. at 1572. However, in the context of pretrial detention, such a claim is considered under the Fifth Amendment's due process clause, since pretrial detainees may not be punished prior to conviction. Id. Pretrial detention "necessarily imposes restraints and disabilities on the detainees, and not every disability amounts to punishment in the constitutional sense." Id. at 1573 (internal quotation omitted). Thus,

> if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.

Id. (internal quotation omitted).

## DISCUSSION

### A. *Defendant's Sixth Amendment speedy trial right has not been violated.*

As noted above, the balancing test prescribed by the United States Supreme Court for purposes of analyzing speedy trial claims under the Sixth Amendment consists of four factors:

3

"[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker, 407 U.S. at 530. These four factors are related and "must be considered together with such other circumstances as may be relevant." Id. at 533. The undersigned proceeds to address the four Barker factors.

    I.    With regard to length of delay, the grand jury returned the initial Indictment against Defendant on April 23, 2019 and trial is currently scheduled for December 7, 2020. See Indictment [D.E. 1], Order [D.E. 178]. Thus, the time between Indictment and trial is approximately one year, eight months. Such a length of delay, exceeding one year, is presumptively prejudicial. Ingram, 446 F.3d at 1336. This presumption triggers the rest of the Barker analysis. Doggett, 505 U.S. at 651-52.

    II.    With regard to the reason for the delay, a cumulative delay of nine months (from July 2019 to April 2020) was the result of Defendant's three Motions for Continuance of Trial [D.E. 16, 17, 35, 36, 64, 101, 102]. Moreover, the current eight-month delay (from March 2020 to December 2020) can be attributed to the COVID-19 Pandemic, as a result of which jury trials in this District have now been postponed until April 5, 2021. See Southern District of Florida Administrative Orders 2020-18, 2020-21, 2020-24, 2020-33, 2020-41, 2020-53, 2020-76, United States District Court, Southern District of Florida, Administrative Orders Relating to COVID-19, available at https://www.flsd.uscourts.gov.

Thus, the reason for the delay can be fairly attributed to a combination of Defendant's own actions and the COVID-19 Pandemic. Moreover, contrary to Defendant's spurious contention, the Administrative Orders postponing jury trials due to the COVID-19 Pandemic are not "arbitrary, purposeless and excessive in relation to their purposes[.]" See Motion for Speedy Trial [D.E. 190 at 4].

Therefore, this factor weighs against dismissal on Sixth Amendment grounds.

III.    With regard to Defendant's <u>assertion of his right</u>, this first occurred with the filing of an Amended Motion to Dismiss on March 27, 2020 [D.E. 122]. By that time, all jury trials in the Southern District of Florida had been postponed due to the COVID-19 pandemic. <u>See</u> United States District Court, Southern District of Florida, <u>Administrative Order 2020-18</u> (March 13, 2020), available at https://web.flsd.uscourts.gov/uploads/adminOrders/2020/2020-18.pdf ("Effective immediately, all jury trials in the Southern District of Florida scheduled to begin on or after March 16, 2020, until March 30, 2020, are continued pending further order of the Court."). Thus, it cannot be said that Defendant timely asserted his Sixth Amendment right. Therefore, this factor weighs against dismissal on Sixth Amendment grounds.

IV.    With regard to <u>actual prejudice</u>, Defendant complains of his protracted pretrial detention under the current COVID-19 Pandemic conditions. <u>See</u> Motion for Speedy Trial [D.E. 190 at 3]. Defendant does not address, much less establish, the most important consideration with regard to prejudice, namely, that the delay will impair his defense. <u>Villareal</u>, 613 F.3d at 1355. Therefore, this factor weighs against dismissal on Sixth Amendment grounds.

Based on the foregoing <u>Barker</u> analysis, the undersigned concludes that Defendant is not entitled to dismissal of this action pursuant to the Sixth Amendment right to a speedy trial.

### B.    *Defendant's due process rights have not been violated in connection with his pretrial detention.*

Defendant complains of the conditions of his pretrial detention under the COVID-19 Pandemic, which he claims are a serious threat to his health and safety. <u>See</u> Motion for Speedy Trial [D.E. 190 at 3]. However, Defendant provides no specific evidence in support of this claim. Moreover, Defendant has not shown that the conditions at FDC Miami are "arbitrary or purposeless" as required to sustain a finding of due process violation in the context of pretrial

detention. Hamm, 774 F.2d at 1573.  In fact, the Bureau of Prisons has established safety measures to be implemented during the COVID-19 Pandemic, which are reasonably related to the legitimate governmental objective of limiting the risk of COVID-19 transmission inside federal prisons, including FDC.  See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp.

Therefore, the undersigned concludes that Defendant has not made a case for due process violation in connection with his pretrial detention.  Accordingly, Defendant is not entitled to the requested "Pretrial Detention Hearing via video conference for home detention while awaiting trial."  See Motion for Speedy Trial [D.E. 190 at 4].

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion for Speedy Trial [D.E. 190] be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen** days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles.  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 28th day of October, 2020.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Darrin P. Gayles
Tamien Derrick Bain, *pro se*
Counsel of Record