UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20227-CR-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

TAMIEN DERRICK BAIN,

    *Pro se* Defendant.
_____/

**REPORT AND RECOMMENDATION**
**RE: MOTIONS TO DISMISS [D.E. 165, 182, 187, 179]**

THIS CAUSE came before the Court upon the following Motions to Dismiss filed by *Pro se* Defendant Tamien Derrick Bain ("Defendant" or "Bain"):

(1) Motion to Dismiss Count One (1)/ of the Second Superseding Indictment (hereafter "Motion to Dismiss Count 1") [D.E. 165].

(2) Motion to Dismiss Count 7, 8, & 9 (hereafter, "Motion to Dismiss Counts 7-9") [D.E. 182, 187].[1]

(3) Motion to Dismiss Count Twelve (12) / Newly Discovered Evidence (hereafter "Motion to Dismiss Count 12") [D.E. 179].

These matters were referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 196]. For the reasons stated below, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motions to Dismiss be DENIED.

---

[1] The Motion to Dismiss Counts 7-9 appears twice in the docket [D.E. 182 & 187]. Bain also submitted a document entitled "In Support of Motion to Dismiss / Count 7, 8, & 9" (hereafter, "Supplement to Motion to Dismiss Counts 7-9") [D.E. 191].

## PROCEDURAL BACKGROUND

The grand jury returned an Indictment against Bain on April 23, 2019 [D.E. 1], which was superseded on June 11, 2019 [D.E. 6], and on October 29, 2019 [D.E. 30]. The Second Superseding Indictment charges Bain with the following offenses:

Count 1: Conspiracy to Commit Access Device Fraud, from October 2018 through December 12, 2018, in violation of Title 18, United States Code, Section 1029(b)(2).

Count 2: Possession of Fifteen or More Unauthorized Access Devices, on December 12, 2018, in violation of Title 18 U.S.C. § 1029(a)(3).

Counts 3-6: Aggravated Identity Theft, on December 12, 2018, in violation of Title 18 U.S.C. § 1028A(a)(1), as follows:

| Count | Means of Identification |
|---|---|
| 3 | Name, driver's license, and debit card account number ending in -8173 belonging to "A.G.M." |
| 4 | Name, driver's license, and debit card account number ending in -6014 belonging to "D.M.S." |
| 5 | Name, driver's license, and debit card account number ending in -7305 belonging to "L.D.G." |
| 6 | Name and credit card account number ending in -7765 belonging to "E.A.S." |

Counts 7-9: Possession with Intent to Distribute a Controlled Substance, namely, heroin, on November 15, 2018, November 29, 2018, and December 10, 2018, in violation of Title 21, United States Code, Section 841(a)(1).

Counts 10: Possession with Intent to Distribute a Controlled Substance, namely, heroin and cocaine base, on December 12, 2018, in violation of Title 21, United States Code, Section 841(a)(1).

Count 11: Possession of a Firearm in Furtherance of a Drug Trafficking Crime on December 12, 2018, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

Count 12: Possession of a Firearm and Ammunition by a Convicted Felon, on December 12, 2018, in violation of Title 18, United States Code, Section 922(g)(1).

See Second Superseding Indictment [D.E. 30]. Bain was arraigned on the Second Superseding Indictment on March 11, 2020 [D.E. 101].

Pursuant to the Criminal Justice Act ("CJA"), the Federal Public Defender was appointed to represent Bain at his initial appearance on June 7, 2019 [D.E. 4]. On June 26, 2019, the Federal Public Defender filed a Motion to Withdraw and to Appoint Conflict-Free Counsel [D.E. 12]. On that same date, Attorney Todd Omar Malone ("Attorney Malone") was appointed to represent Bain as CJA counsel [D.E. 13].

On January 27, 2020, a change of plea hearing scheduled before the undersigned did not go forward, and Bain stated that he wished to represent himself [D.E. 46]. On February 11, 2020, the undersigned conducted a *Faretta* hearing, at the conclusion of which the undersigned allowed Bain to represent himself and appointed Attorney Michael Tarre as CJA stand-by counsel [D.E. 54]. At the same time, Attorney Malone was discharged from further representation of Bain. Id.

In his *Pro se* Motions to Dismiss, Bain makes the following arguments. First, Bain contends that Count 1 of the Second Superseding Indictment is "deficient or faulty" because it fails to prove "the necessary relevant factual elements in the acts of the furtherance participated by KNOWN Co-defendants to establish a conspiracy." See Motion to Dismiss Count 1 [D.E. 165 at 2].[2] Bain contends that Count 1 is defective because "the docket disposition does not display previous count dismissal or a terminated indictment . . . ." Id. Next, Bain argues that Counts 7-9 are defective because they "do not allege 'any' drug amount. The elements of the offense does (sic) not fairly inform the Defendant of the charge against which he must defend." See Reply to Government Response Motion to Dismiss [D.E. 197] (hereafter, "Reply in Support of Motion to

---

[2] There are no other defendants charged in the Second Superseding Indictment; the conspiracy charge only references co-conspirators. See Second Superseding Indictment [D.E. 30 at 1-2].

Dismiss Counts 7-9") [D.E. 209 at 1].³  Finally, Bain challenges the allegation in Count 12 that he "did KNOWINGLY possess a firearm and ammunition."  See Motion to Dismiss Count 12 [D.E. 179 at 3].

## STANDARD OF REVIEW

### A. *Motions to Dismiss.*

Rule 7 of the Federal Rule of Criminal Procedure provides that requires that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  Rule 12 of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1).

"In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006).  "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974).

Thus, an indictment count may not be dismissed if it sets forth factual allegations which, "when viewed in the light most favorable to the government, [are] sufficient to charge the offense as a matter of law." United States v. deVegter, 198 F.3d 1324, 1327 (11th Cir. 1999) (quoting United States v. Torkington, 812 F.2d 1347, 1354 (11th Cir. 1987)).  Put another way, "consideration of the facts underlying [a] prosecution" is not appropriate in the context "of a pretrial motion to dismiss." United States v. Ferguson, 142 F. Supp. 2d 1350, 1354 (S.D. Fla. 2000).

---

³ Bain provided this statement as a "clarifying explanation" of his claim with respect to Counts 7-9.  Id.

### B. *Conspiracy to Commit Access Device Fraud.*

Title 18, United States Code, Section 1029(a)(2) provides that whoever "knowingly and with intent to defraud traffics in or uses one or more unauthorized access devices during any one-year period, and by such conduct obtains anything of value aggregating $1,000 or more during that period . . . shall, if the offense affects interstate or foreign commerce, be punished as provided in subsection (c) of this section." 18 U.S.C. § 1029(a)(2). Title 18, United States Code, Section 1029(b)(2) provides that: "Whoever is a party to a conspiracy of two or more persons to commit an offense under subsection (a) of this section, if any of the parties engages in any conduct in furtherance of such offense, shall be fined an amount not greater than the amount provided as the maximum fine for such offense under subsection (c) of this section or imprisoned not longer than one-half the period provided as the maximum imprisonment for such offense under subsection (c) of this section, or both." 18 U.S.C. § 1029(b)(2).

A conspiracy count must allege: "(1) the existence of an agreement to achieve an unlawful objective; (2) the defendant's knowing and voluntary participation in the conspiracy; and (3) the commission of an overt act in furtherance of the conspiracy." United States v. Brenson, 104 F.3d 1267, 1281–82 (11th Cir. 1997) (quotation omitted). "An individual conspirator need not participate in the overt act in furtherance of the conspiracy. Once a conspiracy is established, and an individual is linked to that conspiracy, an overt act committed by any conspirator is sufficient." United States v. Isaacson, 752 F.3d 1291, 1303 (11th Cir. 2014) (quotation omitted).

### C. *Possession with Intent to Distribute a Controlled Substance.*

Title 21 United States Code, Section 841(a)(1) makes it "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to

manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841 (a)(1). The drug amount is not an essential element of this offense. United States v. Steele, 178 F.3d 1230, 1234 (11th Cir. 1999).

### D. Possession of a Firearm and Ammunition by a Convicted Felon.

Title 18, United States Code, Section 922(g)(1) makes it "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). To establish that a defendant is guilty of violating this statute, "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019).

## DISCUSSION

### A.     Bain is not entitled to dismissal of Count 1.

A noted above, Bain argues that he is entitled to dismissal of Count 1 because there are no overt acts alleged by any "KNOWN Co-defendants to establish a conspiracy." See Motion to Dismiss Count 1 [D.E. 165 at 2]. However, a review of Count 1 shows that it sufficiently alleges the elements of the offense of conspiracy to Commit Access Device Fraud. Specifically, Count 1 alleges that Bain "did knowingly and willfully combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury to commit violations of Title 18, United States Code, Section 1029(a)(2) . . . ." See Second Superseding Indictment [D.E. 30 at 1-2]. Count 1 further alleges that Bain, an alleged conspirator, engaged in seven separate overt acts "[i]n furtherance of the conspiracy." Id. at 2-3. Thus, Count 1 sufficiently alleges: the existence of a

conspiracy; Bain's knowing and voluntary participation in the conspiracy; and at least one overt act committed in furtherance of the conspiracy. Brenson, 104 F.3d at 1281–82. There is no requirement that overt acts by "KNOWN Co-Defendants" be alleged; all that is required is "an overt act committed by any conspirator[.]" Isaacson, 752 F.3d at 1303. Moreover, the identity of the alleged co-conspirators need not be alleged. United States v. Trujillo, 714 F.2d 102, 105 n.1 (11th Cir. 1983) (a conspiracy indictment may properly refer to unidentified co-conspirators).

Bain also argues that Count 1 is defective because there is no record of the prior indictments being dismissed. However, there is no need for such a record. "Filing a superseding indictment has the same effect as dismissing an original indictment and filing a new indictment . . . ." United States v. McKay, 30 F.3d 1418, 1420 (11th Cir. 1994). Therefore, the filing of the Second Superseding Indictment resulted in the dismissal of the Superseding Indictment, whose filing, in turn, resulted in the dismissal of the Indictment.

Thus, Bain is not entitled to dismissal of Count 1 of the Second Superseding Indictment.

### B. *Bain is not entitled to dismissal of Counts 7-9.*

In his Reply in Support of Motion to Dismiss Counts 7-9, Bain clarified that his argument for dismissal of these counts is based on their not alleging any drug amount, as a result of which he is not fairly informed of these charges so he can defend against them. See Reply in Support of Motion to Dismiss Counts 7-9 [D.E. 209 at 1]. In each of these counts, Bain is charged with "knowingly and intentionally possess[ing] with intent to distribute a controlled substance," namely, "a mixture and substance containing a detectable amount of heroin, a Schedule 1 controlled substance." See Second Superseding Indictment [D.E. 30 at 4-5]. There is no requirement to allege the drug amount because it is not an essential element of the offense of possession with intent to distribute a controlled substance. Steele, 178 F.3d at 1234. Therefore,

7

Counts 7-9 fairly inform Bain of the charges against which he must defend. Hamling, 418 U.S. at 117. Bain argues that Steele does not support this conclusion because, in that case, the defendant argued that the indictment failed to allege "a precise drug amount" whereas he is challenging the failure to allege "any, none whatsoever drug amount." See Reply in Support of Motion to Dismiss Counts 7-9 [D.E. 209 at 2]. However, Steele makes no such distinction and makes it clear, as noted above, that the drug amount is not an element of the offense.

Thus, Bain is not entitled to dismissal of Counts 7-9 of the Second Superseding Indictment.

### C.     *Bain is not entitled to dismissal of Count 12.*

Finally, Bain challenges the allegation in Count 12 that he "did KNOWINGLY possess a firearm and ammunition." See Motion to Dismiss Count 12 [D.E. 179 at 3]. To support this challenge, Bain presents his version of the facts. Id. at 1-3. However, "consideration of the facts underlying [a] prosecution" is not appropriate in the context "of a pretrial motion to dismiss." Ferguson, 142 F. Supp. 2d at 1354. Moreover, Count 12 charges that Bain "did knowingly possess a firearm and ammunition in and affecting interstate commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year." See Second Superseding Indictment [D.E. 30 at 7]. This is sufficient to allege the offense of possession of a firearm and ammunition by a convicted felon. Rehaif, 139 S. Ct. at 2200.

Thus, Bain is not entitled to dismissal of Count 12 of the Second Superseding Indictment.

### RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motions to Dismiss [D.E. 165, 182, 187, 179] be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen** days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles. Failure to timely file objections shall bar the parties from attacking on appeal the factual

findings contained herein.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 3rd day of November, 2020.

                                                    ALICIA M. OTAZO-REYES  
                                                    UNITED STATES MAGISTRATE JUDGE

cc:      United States District Judge Darrin P. Gayles  
          Tamien Derrick Bain, *pro se*  
          Counsel of Record