UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20227-CR-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

TAMIEN DERRICK BAIN,

    *Pro se* Defendant.
_____/

**REPORT AND RECOMMENDATION RE:**
**"MOTION TO LIMINE/ EXCLUDING HEARSAY STATEMENTS" [D.E. 166]**

THIS CAUSE came before the Court upon *Pro se* Defendant Tamien Derrick Bain's ("Defendant" or "Bain") "Motion to Limine / Excluding Hearsay Statements" (hereafter, "Motion in Limine") [D.E. 166]. This matter was referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 196]. For the reasons stated below, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion in Limine be DENIED WITHOUT PREJUDICE.

**PROCEDURAL BACKGROUND**

The grand jury returned an Indictment against Bain on April 23, 2019 [D.E. 1], which was superseded on June 11, 2019 [D.E. 6], and on October 29, 2019 [D.E. 30]. The Second Superseding Indictment charges Bain with the following offenses:

    Count 1:    Conspiracy to Commit Access Device Fraud, from October 2018 through December 12, 2018, in violation of Title 18, United States Code, Section 1029(b)(2).

    Count 2:    Possession of Fifteen or More Unauthorized Access Devices, on December 12, 2018, in violation of Title 18 U.S.C. § 1029(a)(3).

Counts 3-6: Aggravated Identity Theft, on December 12, 2018, in violation of Title 18 U.S.C. § 1028A(a)(1), as follows:

| Count | Means of Identification |
|---|---|
| 3 | Name, driver's license, and debit card account number ending in -8173 belonging to "A.G.M." |
| 4 | Name, driver's license, and debit card account number ending in -6014 belonging to "D.M.S." |
| 5 | Name, driver's license, and debit card account number ending in -7305 belonging to "L.D.G." |
| 6 | Name and credit card account number ending in -7765 belonging to "E.A.S." |

Counts 7-9: Possession with Intent to Distribute a Controlled Substance, namely, heroin, on November 15, 2018, November 29, 2018, and December 10, 2018, in violation of Title 21, United States Code, Section 841(a)(1).

Counts 10: Possession with Intent to Distribute a Controlled Substance, namely, heroin and cocaine base, on December 12, 2018, in violation of Title 21, United States Code, Section 841(a)(1).

Count 11: Possession of a Firearm in Furtherance of a Drug Trafficking Crime on December 12, 2018, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

Count 12: Possession of a Firearm and Ammunition by a Convicted Felon, on December 12, 2018, in violation of Title 18, United States Code, Section 922(g)(1).

See Second Superseding Indictment [D.E. 30]. Bain was arraigned on the Second Superseding Indictment on March 11, 2020 [D.E. 101].

Pursuant to the Criminal Justice Act ("CJA"), the Federal Public Defender was appointed to represent Bain at his initial appearance on June 7, 2019 [D.E. 4]. On June 26, 2019, the Federal Public Defender filed a Motion to Withdraw and to Appoint Conflict-Free Counsel [D.E. 12]. On that same date, Attorney Todd Omar Malone ("Attorney Malone") was appointed to represent Bain as CJA counsel [D.E. 13].

On January 27, 2020, a change of plea hearing scheduled before the undersigned did not go forward, and Bain stated that he wished to represent himself [D.E. 46].  On February 11, 2020, the undersigned conducted a *Faretta* hearing, at the conclusion of which the undersigned allowed Bain to represent himself and appointed Attorney Michael Tarre as CJA stand-by counsel [D.E. 54].  At the same time, Attorney Malone was discharged from further representation of Bain.  Id.

In his *Pro se* Motion in Limine, Defendant seeks to exclude witnesses O.T. and L.M. from testifying at trial regarding "guns, drugs and other items seized at a restaurant that the Defendant does not own."  See Motion in Limine [D.E. 166 at 1].  Defendant contends that these individuals are not eyewitnesses and were not present at the restaurant where Defendant worked on December 12, 2018, the date of the offenses charged in Counts 10, 11 and 12 of the Second Superseding Indictment [D.E. 30].  As noted above, these counts charge that Defendant, on that date: possessed with intent to distribute heroin; possessed a firearm in furtherance of a drug trafficking crime; and possessed a firearm and ammunition being a convicted felon.  Id. at 6-7.  Defendant baldly argues that the testimony of these witnesses is not relevant, the witnesses are immaterial and their testimony "will only be speculative and opinionative (sic) rather than direct."  See Motion in Limine [D.E. 166 at 1].  Defendant further argues that such testimony would "prejudice" him and "deprive him of a fair trial."  Id.

## DISCUSSION

Rule 801 of the Federal Rules of Evidence defines "Hearsay" as "a statement that:

(1) the declarant does not make while testifying at the current trial or hearing; and

(2) a party offers in evidence to prove the truth of the matter asserted in the statement."

See Fed. R. Evid. 801(c).  Rule 802 of the Federal Rules of Evidence states that hearsay is not admissible unless a federal statute, the Federal Rules of Evidence or other rules prescribed by the

3

Supreme Court provide otherwise.  See Fed. R. Evid. 802.  Rules 803 and 804 of the Federal Rules of Evidence set forth various exceptions to the hearsay rule.  See Fed. R. Evid. 803, 804.

Here, Defendant has not identified any particular statement from O.T. or L.M. that would be hearsay, and has not provided a basis for the full exclusion of these witnesses in accordance with the hearsay rule and its exceptions.  Moreover, Defendant offers no support for his contention that the testimony of these witnesses is speculative and not relevant or that they are immaterial, other than that they were not present at the restaurant on the date of the drug and gun seizure supporting the charges in Counts 10, 11 and 12 of the Second Superseding Indictment.  In conclusion, Defendant's vague contentions are insufficient to support his Motion in Limine on any of these bases.

## RECOMMENDATION

Therefore, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion in Limine [D. E. 166] be DENIED WITHOUT PREJUDICE.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen** days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles.  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 3rd day of November, 2020.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Darrin P. Gayles
Tamien Derrick Bain, *pro se*
Counsel of Record