UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20227-CR-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

TAMIEN DERRICK BAIN,

      *Pro se* Defendant.
_____/

## REPORT AND RECOMMENDATION RE:
## "WRIT OF HABEAS CORPUS" [D.E. 172, 176]

THIS CAUSE came before the Court upon *Pro se* Defendant Tamien Derrick Bain's ("Defendant" or "Bain") duplicate submissions entitled "Writ of Habeas Corpus" [D. E. 172, 176]. These matters were referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 196]. For the reasons stated below, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Duplicate "Writ of Habeas Corpus" be DENIED.

## PROCEDURAL BACKGROUND

The grand jury returned an Indictment against Bain on April 23, 2019 [D.E. 1], which was superseded on June 11, 2019 [D.E. 6], and on October 29, 2019 [D.E. 30]. The Second Superseding Indictment charges Bain with the following offenses:

Count 1:    Conspiracy to Commit Access Device Fraud, from October 2018 through December 12, 2018, in violation of Title 18, United States Code, Section 1029(b)(2).

Count 2:    Possession of Fifteen or More Unauthorized Access Devices, on December 12, 2018, in violation of Title 18 U.S.C. § 1029(a)(3).

Counts 3-6:    Aggravated Identity Theft, on December 12, 2018, in violation of Title 18 U.S.C. § 1028A(a)(1), as follows:

| Count | Means of Identification |
|---|---|
| 3 | Name, driver's license, and debit card account number ending in -8173 belonging to "A.G.M." |
| 4 | Name, driver's license, and debit card account number ending in -6014 belonging to "D.M.S." |
| 5 | Name, driver's license, and debit card account number ending in -7305 belonging to "L.D.G." |
| 6 | Name and credit card account number ending in -7765 belonging to "E.A.S." |

Counts 7-9:    Possession with Intent to Distribute a Controlled Substance, namely, heroin, on November 15, 2018, November 29, 2018, and December 10, 2018, in violation of Title 21, United States Code, Section 841(a)(1).

Counts 10:    Possession with Intent to Distribute a Controlled Substance, namely, heroin and cocaine base, on December 12, 2018, in violation of Title 21, United States Code, Section 841(a)(1).

Count 11:    Possession of a Firearm in Furtherance of a Drug Trafficking Crime on December 12, 2018, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

Count 12:    Possession of a Firearm and Ammunition by a Convicted Felon, on December 12, 2018, in violation of Title 18, United States Code, Section 922(g)(1).

See Second Superseding Indictment [D.E. 30].  Bain was arraigned on the Second Superseding Indictment on March 11, 2020 [D.E. 101].

Pursuant to the Criminal Justice Act ("CJA"), the Federal Public Defender was appointed to represent Bain at his initial appearance on June 7, 2019 [D.E. 4].  On June 26, 2019, the Federal Public Defender filed a Motion to Withdraw and to Appoint Conflict-Free Counsel [D.E. 12].  On that same date, Attorney Todd Omar Malone ("Attorney Malone") was appointed to represent Bain as CJA counsel [D.E. 13].

On January 27, 2020, a change of plea hearing scheduled before the undersigned did not go forward, and Bain stated that he wished to represent himself [D.E. 46].  On February 11, 2020, the undersigned conducted a *Faretta* hearing, at the conclusion of which the undersigned allowed Bain to represent himself and appointed Attorney Michael Tarre as CJA stand-by counsel [D.E. 54].  At the same time, Attorney Malone was discharged from further representation of Bain.  Id.

In his *Pro se* submissions, Defendant argues that, based on "newly discovered evidence," his arrest was unconstitutional and resulted in a "Fundamental Miscarriage of Justice and/or incarceration of an ACTUALLY INNOCENT Defendant."  See Duplicate "Writ of Habeas Corpus" [D.E. 172 at 1; D.E. 176 at 1].  Notwithstanding the title of his submissions and his use of habeas corpus terminology, Defendant cites to Rule 12 of the Federal Rules of Criminal Procedure and the Fifth Amendment right to be indicted by the grand jury, rather than the federal habeas corpus statutes.  Id.  Moreover, in his reply in support of his submissions, Defendant inappropriately cites to Rule 60(a) of the Federal Rules of Civil Procedure, which is inapplicable to this criminal proceeding, and asks that Count 2 of the Second Superseding Indictment be dismissed.  See Mr. Bain's Reply to "United States' Response" Writ of Habeas Corpus (hereafter, "Reply") [D.E. 203 at 4].  As noted above, Defendant is charged in Count 2 with Possession of Fifteen or More Unauthorized Access Devices, on December 12, 2018, in violation of Title 18 U.S.C. § 1029(a)(3).  See Second Superseding Indictment [D.E. 30].  As grounds for dismissal of this Count, Defendant argues that "the Government cannot prove beyond a reasonable doubt where Mr. Bain KNOWINGLY possessed 15 unauthorized access devices."  See Reply [D.E. 203 at 2].  This contention is premised on a report from the fingerprint examiner who  found: no latent prints of value on the access devices with respect to Defendant; and two fingerprints that matched other individuals.  Id. at 3.

**DISCUSSION**

To the extent Defendant seeks federal habeas corpus relief, such relief in not available at this juncture in the criminal proceedings against him.  With regard to one federal habeas corpus statute,  28 U.S.C. § 2241, "federal courts have routinely held that a federal pretrial detainee challenging aspects of his pending criminal charges must seek relief in the criminal action, not in a habeas proceeding."  Reese v. Spaulding, 2018 WL 3966319, at *1 (D. Mass. Aug. 9, 2018) (citations omitted).  With regard to the other federal habeas corpus statute, 28 U.S.C. § 2255, this provision "was intended to afford strictly post-conviction relief."  United States v. Casaran-Rivas, 311 F. App'x 269, 273 (11th Cir. 2009) (noting that "the time for filing a § 2255 motion begins to run after the direct appeal process is complete").  On this basis, dismissal of Defendant's Duplicate "Writ of Habeas Corpus" is appropriate.

Alternatively, Defendant's submissions may be considered in the context of Rule 12 of the Federal Rules of Criminal Procedure, which provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).  However, "consideration of the facts underlying [a] prosecution" is not appropriate in the context "of a pretrial motion to dismiss."  United States v. Ferguson, 142 F. Supp. 2d 1350, 1354 (S.D. Fla. 2000).  Here, Defendant impermissibly predicates his argument for dismissal on his version of the facts.  See Duplicate "Writ of Habeas Corpus" [D.E. 172, 176]; Reply [D.E. 203].  Additionally, there is no basis for Defendant's contention that the grand jury should have been presented with the fingerprint expert's report, which he characterizes as exculpatory.  "The government is under no duty to bring exculpatory evidence to the grand jury's attention."  United States v. Waldon, 363 F.3d 1103, 1109 (11th Cir. 2004) (citing United States v. Williams, 504 U.S. 36, 51-55 (1992)).  Thus, Defendant's Fifth Amendment right to be indicted by the grand jury has not been violated, and Defendant will have the opportunity to challenge the

4

government's case at trial.  See Sanders v. United States, 2017 WL 11547515, at *15-16 (S.D. Fla. Oct. 20, 2017) ("[T]he issue of exculpatory evidence applies only in the context of trial."), *report and recommendation adopted*, 2018 WL 10961852 (S.D. Fla. Mar. 27, 2018).

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Duplicate "Writ of Habeas Corpus" [D.E. 172, 176] be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen** days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles.  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 3rd day of November, 2020.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:    United States District Judge Darrin P. Gayles
       Tamien Derrick Bain, *pro se*
       Counsel of Record

5