UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cr-20227-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA

v.

**TAMIEN DERRICK BAIN,**

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Magistrate Judge Alicia M. Otazo-Reyes's Report and Recommendation (the "Report") [ECF No. 229] on the following Motions to Dismiss filed by pro se Defendant Tamien Derrick Bain: (1) Motion to Dismiss Count One (1)/ of the Second Superseding Indictment [ECF No. 165]; (2) Motion to Dismiss Count 7, 8, & 9 [ECF Nos. 182, 187]; and (3) Motion to Dismiss Count Twelve (12) / Newly Discovered Evidence [ECF No. 179] (collectively, the "Motions"). This Court referred the Motions to Magistrate Judge Otazo-Reyes, pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida. [ECF No. 196]. On November 3, 2020, Judge Otazo-Reyes issued her Report recommending that the Court deny the Motions. Defendant filed a timely objection. [ECF No. 244]. On January 6, 2021, this Court entered an order of dismissal as to Counts 7 and 8 only of the Second Superseding Indictment. [ECF No. 291]. Accordingly, the Report is moot as to Counts 7 and 8, and the Court reviews the Report as to the remaining Counts.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific

findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

      This Court, having conducted a *de novo* review of the record, agrees with Judge Otazo-Reyes's well-reasoned analysis and recommendation that the Court deny the Motions. The Court finds Defendant's objections without merit. In Defendant's objection relating to Count 12, he asks the Court to consider the facts underlying his prosecution to determine whether the charge was appropriate. As stated in the Report, the law is clear—"a court may not dismiss an indictment [] on a determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). Moreover, in his objections regarding Counts 1 and 9, Defendant asks that the indictment allege more than the law requires. The indictment sufficiently sets forth the elements of the offenses charged, gives Defendant notice of the charges he must defend against, and allows Defendant to plead an acquittal or conviction as a bar against double jeopardy for any future prosecution for the same offenses. *See United States v. Steele*, 178 F.3d 1230, 1233–34 (11th Cir. 1999) ("An indictment is sufficient 'if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'"); *Hamling v. United States*, 418 U.S. 87, 117 (1974) ("[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second,

enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.").

As such, the Court agrees with the Report's recommendation that the Motions be denied.

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Otazo-Reyes's Report and Recommendation [ECF No. 229] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

(2) Defendant's Motion to Dismiss Count One (1)/ of the Second Superseding Indictment [ECF No. 165] is **DENIED**;

(3) Defendant's Motion to Dismiss Count 7, 8, & 9 [ECF Nos. 182, 187] is **DENIED**; and

(4) Defendant's Motion to Dismiss Count Twelve (12) /Newly Discovered Evidence [ECF No. 179] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of January, 2021

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE