**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-20227-CR-GAYLES/OTAZO-REYES**

UNITED STATES OF AMERICA,

v.

TAMIEN DERRICK BAIN,

  *Pro se* Defendant.
_____/

**REPORT AND RECOMMENDATION RE:**
**MOTION TO DISMISS [D.E. 249]**

THIS CAUSE came before the Court upon *Pro se* Defendant Tamien Derrick Bain's ("Defendant" or "Bain") Motion to Dismiss / Pre-Indictment Delay" (hereafter, "New Motion to Dismiss") [D.E. 249]. This matter was referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 290]. For the reasons stated below, the undersigned RESPECTFULLY RECOMMENDS that Defendant's New Motion to Dismiss [D.E. 249] be DENIED.

In prior submissions, Defendant sought dismissal of the charges against him based on "numerous and disjointed arguments that [could] best be interpreted and summarized as follows: that his right to a speedy trial has been violated under both the Speedy Trial Act and the Sixth Amendment; that the government engaged in pre-indictment delay with respect to the Second Superseding Indictment; that he has been denied the right to effective assistance of counsel; and that his right to due process was violated because the arraignment on the Second Superseding Indictment was delayed." See Report and Recommendation Re: Motion to Dismiss and Amended

Motion to Dismiss [D.E. 152]. By Order dated June 11, 2020 (entered on June 12, 2020), the Court affirmed and adopted the undersigned recommendation that those earlier motions to dismiss be denied. See Order Affirming and Adopting Report and Recommendation [D.E. 163].

In his New Motion to Dismiss, Defendant again seeks dismissal of the charges against him, reiterating as grounds that his arraignment on the Second Superseding Indictment was delayed. See New Motion to Dismiss [D.E. 249 at 2]. As noted above, Defendant's prior arguments in this regard were fully considered and rejected. See Report and Recommendation Re: Motion to Dismiss and Amended Motion to Dismiss [D.E. 152]; Order Affirming and Adopting Report and Recommendation [D.E. 163]. Therefore, the undersigned incorporates herein the findings and conclusions contained in her Report and Recommendation Re: Motion to Dismiss and Amended Motion to Dismiss [D.E. 152]. In addition to his prior arguments, Defendant now appears to contend that the government purposely delayed his arraignment with fore knowledge of the COVID pandemic, which has resulted in a delay in jury trials. See New Motion to Dismiss [D.E. 249 at 2]. There is no basis whatsoever for this spurious contention.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendant's New Motion to Dismiss [D.E. 249] be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen** days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-

to factual and legal conclusions." <u>See</u> 11th Cir. R. 3-1 (I.O.P. - 3).

       RESPECTFULLY SUBMITTED in Miami, Florida this 29th day of January, 2021.


                    _____
                    ALICIA M. OTAZO-REYES
                    UNITED STATES MAGISTRATE JUDGE


cc:    United States District Judge Darrin P. Gayles
       Counsel of Record
       Tamien Derrick Bain, *Pro se* Defendant